UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ROMAN CHRISTOPHER MESINA, )
)
        Plaintiff, )
)
        v. )    Civil Action No. 04-2244 (RWR)
)
JOHN ASHCROFT,[1] )
)
)
        Defendant. )
)

---

MEMORANDUM OPINION

    In this mandamus action, plaintiff seeks to invalidate the oaths of office administered by Dexter W. Lehtinen in his capacity as United States Attorney for the Southern District of Florida. He asserts that Lehtinen was not authorized to administer the oaths under 5 U.S.C. § 2903. In the alternative, plaintiff seeks review of the Department of Justice's actions under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted). Upon consideration of the parties' submissions and the entire record, the Court finds that plaintiff lacks standing to sue and therefore will grant defendant's motion to dismiss for lack of subject matter jurisdiction.

    "[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). To establish standing under Article III of the Constitution, plaintiff must demonstrate that: (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) it is likely the injury will be redressed by a favorable

---

    [1]  Pursuant to Fed. R. Civ. P. 25(d), Attorney General Alberto Gonzales is substituted as the party-defendant. For ease of case administration, the case caption remains unchanged.

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. at 561.

In his complaint, plaintiff alleges that "[t]he Defendant authorized the criminal investigation and prosecution of the Plaintiff which [led] to the castigation and incarceration of the Plaintiff." Complaint at 7. In his opposition to defendant's motion, plaintiff disclaims his only plausible injury by insisting that he is not challenging his sentence and conviction. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss at 4. Rather, he asserts that as a United States citizen, he "has a right to ensure that all laws are followed by those [who] are entrusted to enforce the laws." *Id*. at 3. He contends further that he and his fellow "citizen[s] residing in the Southern District of Florida where the appointed [assistant United States attorneys] . . . execute their duties" have suffered "an injury in fact." *Id*.

A generalized grievance lawsuit about government action that asserts no direct and tangible harm to the individual plaintiff does not satisfy the actual injury requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. at 573-77 (citing cases); *accord Allen v. Wright*, 468 U.S. 737, 754 (1984) ("an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). Plaintiff's asserted injury falls squarely within this category of cases where standing has been found wanting. Defendant's motion to dismiss for lack of subject matter jurisdiction therefore is granted. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: October 4, 2005                United States District Judge